UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

Mary DiGennaro, Individually and as Limited
Executrix of the Estate of Albert DiGennaro,

                         Plaintiff,                        ANSWER

v.                                                       Civil No.: 09-CV-6551

Lt. Gordon Whitehair, Individually and as
Police Officer of the Town of Gates,                  JURY TRIAL DEMANDED
Town of Gates Police Department,
and the Town of Gates.

                        Defendants.
_____

       The Defendants, Lt. Gordon Whitehair, Town of Gates Police Department and Town of Gates, by their attorneys Hodgson Russ LLP (Michael B. Risman, of Counsel), as and for their Answer to the Complaint herein, allege as follows:

       1.      Admit the allegations contained in paragraphs number 11 and 19 of the Complaint.

       2.      Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraphs numbered 1, 2, 3, 4, 5, 8, and 16 of the Complaint.

       3.      Deny the allegations contained in paragraphs number 20, 22, 23, 25, 26, 27, 28, 29, 30 and 35 of the Complaint.

       4.      Deny the allegations contained in paragraphs 31, 32, 33, and 34 of the Complaint on the basis that Plaintiff's counsel omitted these paragraphs from the Complaint.

5. Admit that part of paragraph 6 that alleges that Lt. Whitehair was employed by the Town of Gates, but denies knowledge or information sufficient to form a belief as to what capacity Plaintiff is suing him.

6. Deny that part of paragraph numbered 7 that alleges that the Town of Gates Police Department is a municipal corporation, but admits that Lt. Whitehair is employed by that department.

7. Admit that part of paragraph 9 that alleges that Town of Gates Police Officers executed a warrant for a criminal mischief charge on November 1, 2006, but denies that Albert DiGennaro was crippled and unable to walk without a cane.

8. Admit that part of paragraph number 10 that alleges that there was an arrest warrant for Rex DiGennaro and that the Officers did not have it in their possession, but deny that they refused to take the time to obtain the warrant, and state that New York State Law permits them to effectuate the warrant without it being in their physical possession.

9. Deny the allegations contained in paragraph numbered 12 of the Complaint, except deny knowledge or information sufficient to form a belief as to statements made by the decedent Albert DiGennaro.

10. Admit that part of paragraph numbered 13 that alleges that the police rendered assistance and radioed for an ambulance and fire rescue personnel to come to the scene, but deny knowledge or information sufficient to form a belief as to the time of death and decedent's condition at the time, and deny that there was further delay.

11. Admit that part of paragraph numbered 14, that alleges that the Monroe County Medical Examiner issued a report on March 28, 2007, but states that the report speaks for itself and would defer to the multiple findings therein, and deny Plaintiff counsel's interpretation of the findings in the report.

12. Admit that part of paragraph numbered 15, that alleges that surveillance was done on the decedent's property, but deny that it was unlawful and that judicial authorization was necessary.

13. Admit that part of paragraph numbered 17 that alleges that Lt. Whitehair took a statement from Plaintiff, Mary DiGennaro, and that the Gates Police Department took her to the hospital around 12:00 Noon, but deny that the actions were without permission and without legal authority, and deny knowledge or information as to what was told to Mary DiGennaro by hospital personnel.

14. Deny that part of paragraph numbered 18 that alleges that a search of the premises was made and it was extensive or unlawful, and admit that the police did not have a "search warrant" in their physical possession.

15. Admit that part of paragraph numbered 21 that alleges that no handwritten notes were produced, but deny all of the other allegations contained therein.

16. Admit that part of paragraph numbered 24 of the Complaint that alleges that Lt. Whitehair issued his internal investigation report on December 1, 2006, but would refer to the contents thereof for what he determined.

17. Deny each and every other allegations of the Complaint not specifically admitted.

**As And For A First Defense To The**
**Complaint, the Defendants Allege:**

18. The Complaint fails to state a cause of action.

**As And For A Second Defense To The**
**Complaint, the Defendants Allege:**

19. Upon information and belief, these answering Defendants are entitled to absolute and/or qualified immunity from damages as any conduct in which they engaged was justified by good faith and by an objectively reasonable belief that it was lawful, necessary and reasonable.

**As And For A Third Defense To The**
**Complaint, the Defendants Allege:**

20. Upon information and belief, culpable conduct on the part of Plaintiff-Decedent, including contributory negligence and assumption of the risk, caused or contributed to the Plaintiff-Decedent's damages, and, accordingly, any verdict or judgment in favor of the Plaintiff-Decedent must be reduced by that percentage of all the culpable conduct which caused the Plaintiff-Decedent's damages as the trier of fact apportions to the Plaintiff-Decedent.

**As And For A Fourth Defense To The
Complaint, the Defendants Allege:**

21.     Upon information and belief, this action is barred on the ground of governmental immunity on the basis, *inter alia*, that the Defendants were effectuating a lawful arrest warrant at the time of the incident.

**As And For a Fifth Defense To The
Complaint, the Defendants Allege:**

22.     Upon information and belief, the Court lacks personal jurisdiction over all of the individual Defendants herein.

**As And For A Sixth Defense To The
Complaint, the Defendants Allege:**

23.     Upon information and belief, the claim for punitive damages seeks relief that is violative of the United States Constitution.

**As And For A Seventh Defense To The
Complaint, the Defendants Allege:**

24.     Upon information and belief, the Town of Gates Police Department is not a legal entity which has the capacity to be sued.

**As And For A Eight Defense To The
Complaint, the Defendants Allege:**

25.     Upon information and belief, the Complaint against the Town of Gates is insufficient in that it fails to allege any specific official policy or governmental custom or conduct that allegedly violated the Plaintiff-Decedent's Constitutional rights.

### As And For A Ninth Defense To The
### Complaint, the Defendants Allege:

26. Upon information and belief, no actions of the Defendants were the proximate cause of the death of Albert DiGennaro.

### As And For A Tenth Defense To The
### Complaint, the Defendants Allege:

27. Upon information and belief, all or part of the cost of Plaintiff's damages may have been paid, replaced or indemnified in whole or in part from collateral sources, or with reasonable certainty may be replaced or indemnified in the future from such collateral sources, and to that extent, these answering Defendants request that in the event the Plaintiff recover any judgment herein, that such amount as has been or may be recovered, in whole or in part, from collateral sources be determined by the Court, and that any judgment Plaintiff recovers be reduced by said amount.

### As And For An Eleventh Defense To The
### Complaint, the Defendants Allege:

28. Upon information and belief, the liability of these answering defendants, if any, to the Plaintiff, for non-economic loss, shall not exceed the equitable share of these answering Defendants determined in accordance with the relative culpability of each person causing or contributing to the total liability for non-economic loss of the Plaintiff.

**As And For A Twelfth Defense To The**
**Complaint, the Defendants Allege:**

29. Upon information and belief, any claim of the Plaintiff for punitive damages is barred based upon the doctrine of governmental immunity.

**As And For A Thirteenth Defense To The**
**Complaint, the Defendants Allege:**

30. Upon information and belief, the Plaintiff's Complaint fails to allege any animus sufficient to support an award of punitive damages against any of these answering Defendants.

**As And For A Fourteenth Defense To The**
**Complaint, the Defendants Allege:**

31. The Plaintiff filed a prior lawsuit relating to the same actions and occurrences.

32. In that action case number 07-CV-6426CJS, this Court issued a Scheduling Order dated November 28, 2007.

33. This Court's Order directed the Plaintiff to file all motions to join other parties and to amend the pleadings on or before March 3, 2008.

34. The instant lawsuit is contrary to this Court's prior Scheduling Order and is an attempt to circumvent the time limitations set forth in the March 3, 2008 Scheduling Order.

35. Therefore, the instant action should be dismissed.

**As And For A Fifteenth Defense To The
Complaint, the Defendants Allege:**

36.   Plaintiff has commenced two separate lawsuits arising out of the same transaction and occurrence.

37.   Rule 19 of the Federal Rules of Civil Procedure requires compulsory joinder of all defendant police officers in one action.

38.   The instant lawsuit fails to join necessary parties.

39.   Therefore, the case should be dismissed on the basis of the Federal Rules of Civil Procedure Rule 19.

**As And For A Sixteenth Defense To The
Complaint, the Defendants Allege:**

40.   The Plaintiff's Complaint is barred by the principles of *res judicata* and/or collateral estoppel and/or issue preclusion and/or claim preclusion.

41.   Plaintiff has commenced a prior proceeding arising out of the same transaction and occurrences.

42.   Plaintiff cannot commence two separate complaints and separate out the theories of liability and parties.

43.   The issues raised in the instant complaint could and should have been raised in the prior complaint.

44. Therefore, the instant Complaint should be dismissed on the basis of the doctrines of *res judicata* and/or collateral estoppel.

### As And For A Seventeenth Defense To The Complaint, the Defendants Allege:

45. Plaintiff's counsel disagrees with the procedures utilized and the conclusions reached by Lt. Whitehair in conducting an internal police investigation of the November 1, 2006 incident giving rise to this lawsuit.

46. The fact that Plaintiff's counsel disagrees with Lt. Whitehair's procedures and official conclusions does not provide a legal basis upon which to sue Lt. Whitehair or the Town of Gates.

47. All three alleged causes of action in the Complaint constitute nothing more than police officers acting within their lawful authority pursuant to guidelines provided in the New York State Criminal Procedure Law.

48. There is not legitimate legal basis or theory to support any of the causes of action in the Complaint.

49. Therefore, the Defendants respectfully request that the Court dismiss the Complaint in its entirety and award appropriate sanctions and attorneys' fees to the Defendants.

### Trial By Jury Is Hereby Demanded

**WHEREFORE**, the Defendants respectfully request that the Complaint be dismissed in its entirety, together with such other and further relief as to the Court may deem just and proper.

- 10 -

Dated: November 20, 2009

          **Hodgson Russ LLP**
          *Attorneys for Defendants*

          By:  s/ Michael B. Risman
                Michael B. Risman
          140 Pearl Street, Suite 100
          Buffalo, New York  14202
          Tel:  716.848.1291
          E-Mail: mrisman@hodgsonruss.com