UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MARY DIGENNARO, Individually, and as Limited
Executrix of the Estate of ALBERT DIGENNARO, on
Behalf of All Distributees,

                              Plaintiff,

      v.                                                  Civil No.: 09-CV-6551 CJS

LT. GORDON WHITEHAIR, Individually and as a
Police Officer of the Town of Gates,
TOWN OF GATES POLICE DEPARTMENT, and
the TOWN OF GATES,

                              Defendants.

---

## DECLARATION IN SUPPORT OF
## DEFENDANTS' MOTION TO DISMISS

**MICHAEL B. RISMAN**, **ESQ.,** under the penalties of perjury and pursuant to 28 U.S.C. § 1746, declares the following to be true and correct:

1. I am a Partner at the law firm of Hodgson Russ LLP and represent the Defendants Town of Gates Police Department, Town of Gates, and Lieutenant Gordon Whitehair in this action (collectively, the "Defendants"). I submit this declaration in support of Defendants' motion to dismiss.

2. This matter should be dismissed because it is duplicative of prior action that the Plaintiff commenced on August 29, 2007, captioned *DiGennaro v. Town of Gates Police Department, et al.*, Case No.: 07 CV 6426 CJS (hereinafter the "First Action").

3. On October 30, 2009 — more than two years after she filed the First Action and almost 18 months after the deadline for filing a motion for leave to amend or add new parties — she commenced this action against Lt. Whitehair (hereinafter the "Second Action").

4. The Plaintiff has since moved to consolidate both actions on the ground that they involve the same fact pattern and for leave to amend her complaint in the First Action. As the Plaintiff's motion was filed only in the First Action, it is my understanding that the Plaintiff has asked the Court to accept that same motion for filing under the caption in this action. Oral argument on the motion has been set for June 22, 2010 at 2:00 p.m. The Defendants file this cross-motion in order to seek dismissal of the Second Action for the reasons set forth in their opposition to the Plaintiff's motion to consolidate and for leave to amend. *See* Doc. Nos. 35 and 36, which are incorporated by reference herein.

5. In sum, the Plaintiff's purported reason for consolidation (*i.e.,* the two actions arise from the same set of facts) is precisely why it should be dismissed. Well-settled Second Circuit law prohibits the Plaintiff from maintaining two actions on the same subject in the same court, against the same defendants at the same time in order to avoid the consequences of her delay in seeking leave to amend. *See Curtis v. Citibank, N.A.,* 226 F.3d 133, 140 (2d Cir. 2000) ("By filing [claims which could have been raised in the first action] in a second action, plaintiffs attempted to avoid the consequences of their delay. It was not an abuse of discretion to prevent them from doing so."). In other words, the Plaintiff cannot circumvent a Scheduling Order deadline — and avoid the good cause standard under Rule 16 — by simply commencing a new action. If the rule were otherwise, a Rule 16 scheduling order would be rendered meaningless.

Dated: June 14, 2010
      Buffalo, New York

                                            s/Michael B. Risman
                                            Michael B. Risman

029470/00178 Litigation 7384738v1