# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

MARY DIGENNARO, *Individually and as Limited Executrix of the Estate of ALBERT DIGENNARO, on Behalf of All Distributees*,

                        Plaintiff,

-vs-

LT GORDON WHITEHAIR, *Individually and as a Police Officer of the Town of Gates*, TOWN OF GATES POLICE DEPARTMENT, and the TOWN OF GATES,

                        Defendants.

**DECISION & ORDER**

09-CV-6551-CJS-MWP

## APPEARANCES

| | |
|---|---|
| For Plaintiff: | Richard G. Vogt, Esq.<br>144 Exchange Boulevard, Suite 401<br>Rochester, NY 14614<br>(585) 232-7660 |
| | Jeffrey Wicks, Esq.<br>36 West Main Street Suite 318<br>Rochester, NY 14614<br>(585) 325-6070 |
| For Defendants: | Joseph S. Brown, Esq.<br>Michael B. Risman, Esq.<br>The Guaranty Building<br>140 Pearl Street Suite 100<br>Buffalo, NY 14202<br>(716) 848-1346 |

## INTRODUCTION

**Siragusa, J.** This civil rights case is before the Court on the application of defendant Gordon Whitehair (Whitehair) to dismiss (Docket No. 10), and motion (Docket No. 13) for

summary judgment. For the reasons stated below, the motion to dismiss is granted and the motion for summary judgment is denied as moot.

## BACKGROUND

The case arises in part from the circumstances surrounding the Gates Police Department's execution of an arrest warrant on November 1, 2006, for Plaintiff's son, Rex, who was living at her home, which she also shared with her late husband, Albert. Albert DiGennaro, then 80 years old, answered the door when the police officers knocked, demanded to see the warrant, and an altercation ensued. Albert was sprayed with pepper spray, twice, and subsequently died. The medical examiner ruled his death a homicide.

On August 29, 2007, Plaintiff filed a separate lawsuit against the Town, its police department, and others, arising from the same situation that underlies the lawsuit in this case. That matter, *DiGennaro v. Town of Gates Police Dep't, et al.*, No. 07-CV-6426 (W.D.N.Y.), was referred by the undersigned to United States Magistrate Judge Marion W. Payson for pretrial matters. On November 28, 2007, Judge Payson entered a Scheduling Order, which, *inter alia*, set a deadline of March 3, 2008, for "[a]ll motions to join other parties and to amend the pleadings…." (Scheduling Order, *DiGennaro v. Town of Gates Police Dep't*, No. 07-CV-6426-CJS-MWP (W.D.N.Y. Mar. 3, 2008). That Scheduling Order has been amended several times, but not with respect to the March 3, 2008, deadline for adding parties and amending the original complaint. As of February 16, 2010, discovery has closed in the 2007 lawsuit. As part of the discovery in that case, the parties have deposed sixteen witnesses and exchanged extensive written discovery. (Defendants' Memorandum of Law in Opposition to Plaintiff's Motions to Consolidate and Amend, *DiGennaro v. Town of Gates Police Dep't*, No. 07-CV-6426 (W.D.N.Y. May 24, 2010), at

2.) On October 30, 2009, Plaintiff filed the present lawsuit under a new docket number, 09-CV-6551. Thereafter, on April 20, 2010, Plaintiff moved to amend, correct and consolidate complaints in the 2007 case (Docket No. 33) and the 2009 case, which the Defendants opposed. On August 5, 2010, Judge Payson denied the motion to consolidate without prejudice, and granted in part, and reserved in part, on the motion to amend. (Minute Entry, *DiGennaro v. Town of Gates Police Dep't*, No. 07-CV-6426 (W.D.N.Y. Aug. 5, 2010).)

In the subject application before the Court, Whitehair has moved to dismiss the 2009 action on the ground that it is duplicative of the first lawsuit and is nothing more than an attempt to avoid the "good cause" under Federal Rule of Civil Procedure 16(b)(4).

## STANDARDS OF LAW

### *Motion to dismiss*

A motion to dismiss a complaint as duplicative invokes the Court's inherent power to control its docket. *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138–39 (2d Cir. 2000). As the Second Circuit observed in *Curtis*:

> As part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit. *See Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) ("As between federal district courts,…though no precise rule has evolved, the general principle is to avoid duplicative litigation."); *Adam v. Jacobs*, 950 F.2d 89, 92 (2d Cir. 1991); *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977) (*in banc*). The complex problems that can arise from multiple federal filings do not lend themselves to a rigid test, but require instead that the district court consider the equities of the situation when exercising its discretion. *See Colorado River*, 424 U.S. at 817; *Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.*, 342 U.S. 180, 183-84 (1952) (affirming stays of declaratory judgment action on patents' validity in Delaware while patent infringement suit in Illinois proceeded); *First City Nat'l Bank & Trust Co. v. Simmons*, 878 F.2d 76, 80 (2d Cir. 1989). We review the exercise of this power for abuse of discretion. *See Adam*, 950 F.2d at 92.
>
> The rule against duplicative litigation is distinct from but related to the doctrine of claim preclusion or *res judicata*. As the Supreme Court stated

> over 100 years ago in *United States v. The Haytian Republic*, 154 U.S. 118 (1894), "The true test of the sufficiency of a plea of 'other suit pending' in another forum is the legal efficacy of the first suit, when finally disposed of, as 'the thing adjudged,' regarding the matters at issue in the second suit." *Id*. at 124. The two doctrines serve some of the same policies. The power to dismiss a duplicative lawsuit is meant to foster judicial economy and the "comprehensive disposition of litigation." *Kerotest Mfg.*, 342 U.S. at 183. The doctrine is also meant to protect parties from "the vexation of concurrent litigation over the same subject matter." *Adam*, 950 F.2d at 93.

*Id*. at 138. It is well settled that "a plaintiff must bring suit against the same defendant on all claims that relate to the same conduct, transaction or event at the same time." *Id*., at 139. The "court must assess whether the second suit raises issues that should have been brought in the first." *Id*., at 140.

"To determine whether a suit is duplicative, we borrow from the test for claim preclusion." *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007); *see also Curtis*, 226 F.3d 133, at 138 ("The rule against duplicative litigation is distinct from but related to the doctrine of claim preclusion or *res judicata*."). "Thus, in assessing whether the second action is duplicative of the first, we examine whether the causes of action and relief sought, as well as the parties or privies to the action are the same." *Adams*, 487 F.3d at 689. As the Ninth Circuit observed in *Adams*:

> Although the concept of privity traditionally applied to a narrow class of relationships in which "a person [is] so identified in interest with a party to former litigation that he represents precisely the same right in respect to the subject matter involved," we have expanded the concept to include a broader array of relationships which fit under the title of "virtual representation." *Id*. [*Kourtis v. Cameron*, 419 F.3d 989, 996 (9th Cir. 2005)] (internal quotation marks omitted). The necessary elements of virtual representation are an identity of interests and adequate representation. *Id*. Additional features of a virtual representation relationship include "'a close relationship, substantial participation, and tactical maneuvering.'" *Id*. (quoting *Irwin v. Mascott*, 370 F.3d 924, 930 (9th Cir. 2004)).

*Id.*, at 691; *see also Barclay v. Lowe*, No. 04-5441-pr, 131 Fed. Appx. 778, 779 (May 24, 2005) ("Although Barclay named different defendants in the second suit than in the first, the suits are nonetheless duplicative because the defendants in the second suit are in privity with the defendants in the first suit.")

**Fed. R. Civ. P. 16**

Federal Rule of Civil Procedure 16(b) outlines case management scheduling orders issued by the Court and states in relevant part that: "[a] schedule may be modified only for good cause and with the consent of the court." Fed. R. Civ. P. 16(b)(4) (2007). The Second Circuit has held that Rule 16(b) "may limit the ability of a party to amend a pleading if the deadline specified in the scheduling order for amendment of the pleadings has passed." *Kassner v. 2nd Ave. Delicatessen, Inc.*, 496 F.3d 229, 243 (2d Cir. 2007).

A Rule 15(a) motion to amend, that violates a Rule 16(b) scheduling deadline, requires a showing of "good cause" by the movant. *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000). The Court can deny leave to amend the pleadings, "after the deadline set in the scheduling order where the moving party, [who bears the burden]…has failed to establish good cause…and is especially relevant to an amended pleading motion that is substantially out of time under that order." *Id.*; *Sullivan v. N.Y. State Dep't of Corr.*, No. 07-CV-6133-CJS, 2009 U.S. Dist. LEXIS 107454, *14–*15 (W.D.N.Y. Sept. 1, 2009).

**ANALYSIS**

After reviewing the complaint filed in this case and comparing it to the complaint filed in the 2007 case, the Court determines that claim preclusion would apply, and that the second lawsuit is, indeed, duplicative of the first. Plaintiff concedes that the first and second actions arise from the same fact pattern:

> Both Proceeding One and Proceeding Two involve the same fact pattern from the outset of the surveillance of the DiGennaro family home ordered by Lt. Whitehair through the mishandled entry and arrest which resulted in Albert DiGennaro's death until the white-washed investigation by Lt. Whitehair which absolved GPD officers of any responsibility for the death of this law-abiding eighty-year old disabled man. The original complaints in Proceeding One and Proceeding Two both contain five causes of action in common: wrongful death, "unlawful arrest and imprisonment," "abuse of process," "failure to prevent others from the use of excessive force," and "recklessness and gross negligence." Additional common matters of law revolve around civil rights violations pursuant to 42 U.S.C. § 1983 including Fourth Amendment concerns regarding searches of homes and seizures of persons and Fourteen Amendment "due process" concerns regarding not only use of excessive force but also later ratification of these constitutional violations through a flawed internal investigation process.

(Pl.'s Mem. of Law, *DiGennaro v. Town of Gates Police Dep't*, No. 07-CV-6426 (W.D.N.Y. Aug. 5, 2010) (Docket No. 33-6), at 3–4.) Further, Plaintiff also concedes that, "all individual defendants are members of Town of Gates Police Department and are represented by the same lawyer, Michael B. Risman, Esq. of Hodgson Russ LLP…." (*Id*., at 4.) Thus, even though the 2010 action involves Whitehair, a defendant not named in the 2007 lawsuit, the Court determines that Whitehair is in privity with the defendants in the 2007 action. Moreover, in that regard, Plaintiff presents no reason why Whitehair could not have been joined as a party in the 2007 lawsuit.

Even if the Court accepted Plaintiff's representation that she was unable to articulate her claims against Whitehair until he was deposed in December 2008 and March 2009, she failed to move to amend until April 20, 2010, more than a year after the last deposition. Instead of addressing the Scheduling Order and setting forth "good cause" for a late motion to add a party, Plaintiff, on October 30, 2009, filed the present lawsuit, seven months after her last deposition of Whitehair, essentially making an end run around the requirement of the Scheduling Order and Rule 16's "good cause" requirement. The Court

cannot permit circumvention of Judge Payson's and Rule 16's requirements. Therefore, defendant Whitehair's motion to dismiss must be granted, and, consequently, his motion for summary judgment is mooted. *See Onondaga Landfill Systems, Inc. v. Williams*, 624 F. Supp. 25, 33 (N.D.N.Y 1985) (granting defendant's motion to dismiss complaint and denying motion for partial summary judgment as moot).

## CONCLUSION

Defendant Lt. Whitehair's motion (Docket No. 10) to dismiss this complaint against him as duplicative of Plaintiff's prior action, is granted. Lt. Whitehair's motion (Docket No. 13) for summary judgment is denied as moot.

IT IS SO ORDERED.

Dated:  October 19, 2010
        Rochester, New York

        ENTER:

/s/ Charles J. Siragusa
Charles J. Siragusa
United States District Judge